[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Cosmina Setaro, age 50, whose maiden name was Cosmina Peduto, and the defendant Antonio Setaro, age 50, were marred at Castel S. Lorenzo — SA — Italy on August 12, 1970. There are no minor children issue of the marriage although the parties have two sons who are adults.
The marriage has broken down irretrievably. The sole course of the breakdown rests with the defendant. He has engaged in numerous adulterous relationships, one with his daughter-in-law. CT Page 9823 He has abandoned his wife and he is presently living in Italy with his former bookkeeper Gillian Hodgetis. While the parties resided together, the defendant was physically abusive to the plaintiff and threatened to kill her if she sought a divorce. The parties at one time were joint owners of a number of restraints which were financially successful. However, the defendant failed to pay Federal and State taxes as well as the cost of supplies. As a result of his failure to pay taxes, the defendant was indicted by the Federal Government and was imprisoned as a felon from June 1996 until April 1997. During the time that the parties resided together, the defendant took cash from the restaurants which he deposited in foreign banks. Although being in a villa valued at between $750.000 and $1,000,000, Mr. Setaro has filed a false financial affidavit dated June 19, 1998 showing no income or expenses. Quite understandably, the defendant has failed to appear for trial or offer any defense except for cross examination of the plaintiff, her son and one independent witness. His protestation that air travel from Italy was unavailable is factually incorrect.
The financial mismanagement by the defendant has resulted in many judgments of foreclosure on property located in Beafort County, South Carolina and a suite for a Mercedes automobile upon which the plaintiff was required to sign as a guarantor for property rented to Setaro, Inc.
After coming to America, the parties worked in restaurants and later began to acquire properties. Originally, they were acquired in joint homes, but the plaintiff's interest was transferred to the defendant by means of a forged power of attorney. While operating the restaurants, the plaintiff at all times worked in the kitchen and the defendant claimed to attend to personal matters but he was seldom at the restaurant. At the present time, the marital assets consist of the property listed on Appendix A.
The Southbury property and 143 Oxford Road are restaurants, the Riggs Street property, the plaintiff's home and the Bethlehem property, the former marital home. Title to the Bethlehem property is presently held in trust as a qualified personal residence in an attempt to shield it from claims by creditors. There is an $1,100,000.00 mortgage on this property to the defendant's father which was given without consideration to shield the property from creditors.
CT Page 9824 After the defendant was incarcerated on June 10, 1996, the plaintiff took over the running of the restaurants. She was able to rehabilitate them to a sound financial status, paying all taxes and expenses. However, since the defendant had filed bankruptcy and the properties were not in the plaintiffs name, she was unable to file any plan of reorganization and the trustee in bankruptcy closed the restaurants on June 9, 1999. Mrs. Setaro was also under a disability since the defendant had all of the financial records which he refused to turn over. The trustee threatens to liquidate the restaurant properties and the only way they may be saved is for them to be transferred to the plaintiff.
The defendant has cashed in a life insurance policy of $100,000.00, a bank account of $100,000.00, a savings bank fund of $60,000.00, gold coins valued at $18,000.00. The defendant also disposed of equipment valued at $86,500.00, marital property worth $195,500.00, personal property worth $155,000.00, Bethlehem property worth $60,000.00, a farm tractor valued at $30,000.00 and automobiles worth $30,000.00. The value of the marital property which the defendant has acquired is worth $765,000.00 of which the plaintiff is entitled to one-half or $382,000.00.
Based upon the evidence and the provision of General Statute46b-81, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. One dollar a year alimony is awarded to the plaintiff. The court would award a more significant alimony award had there been evidence to support it. However, the lack of cooperation by the defendant who has secreted assets does not support such an award at this time. In the event the defendant is presented to the court for further examination, a motion for modification will be in order.
3. The defendant has converted and/or taken into his possession $765,000.00 of joint marital assets and therefore, the plaintiff is awarded one half of $382,000.00 as lump sum alimony.
4. The defendant shall pay to the plaintiff $112,000.00 for personal property taken and/or converted by the defendant. This sum is to be paid within one year of the date of the judgment with simple interest at the rate of one percent per month commencing one year from the date of the judgment until paid in CT Page 9825 full.
5. The defendants' entire interest in real property located at 1056 Main Street, Southbury, Connecticut together with all improvements thereon shall be transferred to the plaintiff pursuant to General Statute § 46b-81. Said property is bounded and described as follows:
A certain piece of land situated in the Town ofSouthbury. Connecticut. "with all buildings and improvementsthereon, containing 0.7 acre, hounded and described asfollows:
 Commencing at a CHD monument on the northwesterly sideof highway known as U.S. Route #6, and running thence along landof Edward Winship N 57° 10' 40" W 187 feet; running thence ina southwesterly direction along land of Algonquin GasTransmission Co. 129 feet, more or less: running thence in asoutheasterly direction along land of said Algonquin GasTransmission Co. in a line perpendicular to the last describedline 170 feet to U.S. Route #6, said line being perpendicular tosaid highway line, and running northeasterly along said highway160.85 feet to a point; and thence continuing northeasterly alongsaid highway 52.52 feet to the point and place of beginning.
 The above-described premises are the same as Lot No. 2shown on a nap entitled. "Subdivision Map Property of Karl F. andNorah Heintzen Town of Southbury, Conn. Scale 1"= 50'". preparedby Joseph J. Bennitt R.L.S., original dated April 17, 1957,Subdivision April 11, 1958, on file in the Town Clerk's office asMap #537.
 Said premises are subject to such rights as theConnecticut Light and power Company may have to maintain itslines, trim, cut and remove trees, etc., as set forth in aninstrument from Edward A. Scoville dated July 28, 1947 recordedin Volume 58 at Page 6 of the Southbury Land Records.
 Subject also to any municipal ordinances and regulationsof the Town of Southbury which may affect said premises.
 Being the same premises conveyed to Edward A. Tappe bywarranty deed from George F. Piccot, Sr. dated July 15, 1968,recorded on July 16, 1968 in Volume 86 at Page 621 of theSouthbury Land Records.
CT Page 9826
6. The defendants entire interest in real property located at 143 Oxford Road, Oxford, Connecticut together with all improvements thereon shall be transferred to the plaintiff pursuant to General Statute § 46b-81. Said property is bounded and described as follows:
and unto the survivor of them, and unto such survivor'sheirs and assigns forever all that certain piece or parcel ofland with all improvements thereon, situated in the Town ofOxford, County of New Haven and State of Connecticut, bounded anddescribed as follows:
 EASTERLY by State Highway Route #67, also known asOxford Road;
 SOUTHERLY by land now or formerly of Frederick Bice, Sr.in part, and in part by land now or formerly of JosephMontriski;
 WESTERLY by land now or formerly of Joseph Montriski;
 NORTHERLY by land now or formerly of Sherman Sanford.
 The westerly boundary being fixed as the easterly sideof the Mill Pond as the same was located on January 19,1929.
 Subject to rights to lay and maintain sewer as set forthin instrument from Milo B. Humiston to Sherman Sanford datedDecember 16, 1927, recorded Vol. 39, Page 193, Oxford LandRecords, as the same may affect said premises.
 Subject to rights to pass and repass over a 7 foot stripof land along the westerly boundary thereof adjoining the MillPond as set forth in deed from Lula M. Hansen to Joseph Montriskidated January 19, 1929, recorded Vol. 40, Page 115, Oxford LandRecords.
 As modified by following deed:
Quit Claim Deed from William H. Emerson to Cosmina Setaroaka Cosimina Setaro dated August 2, 1995 and recorded March 6,1996 in volume 186 at page 914 of the Oxford Land Records.(intent of deed is to terminate any right of way overCT Page 9827property by Grantor)
7. The defendant entire interest in real property located at 311 Riggs Street, Oxford, Connecticut together with all improvements thereon shall be transferred to the plaintiff pursuant to General Statute § 46b-81. Said property is bounded and described as follows:
Being shown and designated as Lot #1 on a certain mapentitled "Smith Acres, Final Plan, Section Two, showing revisionsof Lots 3, 4, 5 of Section One, dated Rev. March, 1966 onproperty of Paul J. and Dorothea Snith, Oxford, Conn., Scale 1in. 100 ft. Feb. 3, 1966. revised June 6, 1968, revised Aug. 2,1968" prepared by Richard J. Nowakowski RLS on file in the OxfordTown Clerk's Office. Said lot being bounded:
 EASTERLY by highway known as Riggs Street, 169.08 feet,more or less;
 SOUTHERLY by lot #2 as shown on said map, 290.0 feet,more or less;
 WESTERLY by lot #16 as shown on said map, 227.22 feet,more or less;
 NORTHERLY by highway known as Jacks Hill Road, 272.71feet, more or less;
 NORTHEASTERLY by a straight line, at the intersection ofJacks Hill Road and Riggs Street. 24.67 feet, more or less.
 SUBJECT TO:
 1. Any and all provisions of any ordinance, municipalregulation or public or private law.
 2. Taxes hereinafter becoming, due and payable which theGrantees agree to pay as partial consideration for thisdeed.
 3. Easement rights granted The Anerican Telegraph Telephone Co. by Orlando C. Osborn by instrument dated Sept. 6,1904, recorded Vol. 27 page 353, Oxford Land Records and by S.W.Buckingham by instrument dated Nov. 15, 1904, Rec. Vol. 27. Page346, Oxford Land Records.
CT Page 9828
4. As the same may affect said premises. RestrictiveCovenants as set forth in instrument executed by Paul J. Dorothea Smith Dated November 27, 1965, recorded Vol. 64 page492, Oxford Land Records.
8. The Bethlehem trust concerning Nonnewaug Lane was fraudulently created in the attempt to avoid creditors, including but not limited to the Internal Revenue Service. The beneficiaries have consented to the dissolving/invalidating of the trust. Further that this trust document was not explained to the plaintiff but coerced upon the plaintiff against her free will by the defendant. Therefore, the court orders that the Trust be declared invalid and ordering that the property be tilted in the sole name of the plaintiff pursuant to General Statutes §46b-81. Said property is bounded and described as follows:
All that certain piece or parcel of Land with a dwellinghouse and other improvements thereon, situated on the easterlyside of Nonnewaug Road in the Town of Bethlehem, County ofLitchfield. State of Connecticut, being shown and designated an acertain map entitled "41.615 acres Map Prepared for Ronald D. H.Patriche Mallett Nonnewaug Road Bethlehem, Connecticut which mapis dated May, 1981 is certified substantially correct by GeorgeP. Burnham, Registered Land Surveyor, and is on file in theBethlehem Town Clerk's office in Map Book Page
 Subject to the riparian rights of others in and to theflow of the stream crossing said premises.
 Being the same premises conveyed by Hilah B. McCahill toRonald D. Mallett and H. Patriche Mallett by warranty deed datedOctober 17, 1980, recorded in Volume 75, Page 161 of BethlehemLand Records.
9. Property located at Villa San Rufo, Italy shall remain the sole property of the defendant in spite of the fact that funds to acquire and construct said property came from marital assets funneled from businesses in the United States.
10. The defendant shall transfer by deed his entire interest in real estate consisting of Lot 19, Main Street, Hilton Head, S.C. #3 Dolphin Point, Hilton Head, S.C., and Lot 20 Main Street, Hilton Head, S.C. CT Page 9829
11. Property known as San Lorenzo located in San Sarenzo, Italy, shall remain the sole property of the plaintiff.
12. The court finds that the defendant is solely responsible for the sales and use tax and withholding tax assessments and charges now pending on appeal at the Connecticut Tax Court concerning Antonio Setaro Restaurant, Inc. The court finds that Mr. Setaro was responsible for paying these bills at the time they were incurred. Further, Mr. Setaro has or had the materials to defend these assessments but did not assist his wife in providing the documents she needed to defend against these assessments. The defendant is ordered to immediately turn over any and all documents and/or records concerning the Sales and Use Tax and Withholding Tax assessments. The defendant shall indemnify and hold harmless the plaintiff from this debt and the cost to defend same including attorneys fees and costs.
13. This court finds that the purported credit line and/or mortgage from Antonio Setaro to Pasquale Setaro in the principal sum of $1,000,000.00 dated May 28, 1996 is hereby deemed fraudulent and is stripped from any and all of the land records concerning any of the properties listed in this judgment. Further, the court finds that the plaintiff is in no way responsible for the repayment of that lien. The defendant shall be solely responsible for the repayment or discharge of all credit lines, liens, claims and mortgages granted or owed to his father or mother and shall indemnify and hold harmless the plaintiff form these debts. Further any unpaid mortgages on any of the real property mentioned herein vesting in the plaintiff, except for the mortgage to New Haven Savings Bank on the Bethlehem property which shall remain a joint obligation, by the divorce decree shall be the sole responsibility of the defendant.
14. The defendant is solely responsible for the Federal taxes, penalties and costs associated with taxes from 1970 to 1990 for corporate or personal income taxes, penalties, and costs assessed against him. Antonio Setaro Restaurant, Inc., any other business entity of the parties and the plaintiffs personal income tax liability. The tax liability of the parties generated from Antonio Setaro Restaurants, Inc., for tax years 1991-1995 should be apportioned as follows, the tax should be equally shared, however penalties and interest accrued to date should be the sole responsibility of the defendant as he was obligated as financial manager to see the filing of these documents. Each party shall be solely responsible for any personal federal taxes, penalties and CT Page 9830 costs assessed for this period. The tax liability for the plaintiff and Antonio Setaro Restaurants, Inc., and Gold Pizza, Inc., for tax years from 1996-1999 shall be the plaintiff's sole responsibility as she owns the company and ran the company during these years. Each party shall be responsible for his or her own personal tax liabilities for these years.
15. The defendant shall be solely responsible for those debts appearing upon his June 19, 1998 financial affidavit, including but not limited to the SBA debt owned from the failed SBA loan to CPS of Delaware. The plaintiff shall be solely liable for the Visa credit card debt listed on her financial affidavit. All other minor liens appearing upon the land records for properties existing within the United States that are not already specifically mentioned herein and are encumbering said real properties shall be the responsibility of the plaintiff.
16. Any and all personal property in the possession of the parties including automobiles shall be and remain the property of said party.
Judgment may enter dissolving the marriage on the grounds of irretrievable breakdown.
BY THE COURT
HON. WALTER M. PICKETT. JR. JUDGE TRIAL REFEREE
 APPENDIX A
FA 96 0071170 S COSMINA SETARO vs. ANTONIO SETARO FINANCIAL AFFIDAVIT
SCHEDULE "REAL ESTATE"

address: value: mortgage/: equity:
 liens/taxes
1056 Main Street South
Southbury, Connecticut 210,000.00 60,000.00 150,000.00
143 Oxford Road
Oxford, Connecticut 330,000.00 108,000.00 222,000.00
CT Page 9831
311 Riggs Street
Oxford, Connecticut 130,000.00 28,000.00 102,000.00
59 Nonnewaug Road
Bethlehem, Connecticut 600,000.00 275,000.00 325,000.00
 ________________ _____________ _____________
 1,270,000.00 471,000.00 799,000.00
Carolina Lot residential 100,000.00 100,000.00
San Lorenzo 50,000.00 50,000.00
Carolina Lot commercial 300,000.00 90,000.00 210,000.00
Villa San Rufo 750,000.00 750,000.00
 ______________ _____________ ______________
 1,200,000.00 90,000.00 1,110,000.00
[**] blanket credit line $1.5 Million
[***] federal tax liens 1989 $91,625.00
 1990 112,366.00
 1991 60,000.00
 _____________
 $263,991.00
(equity) $1,909,000.00 — (liens credit line) $1,763,991.00 = 145,009.00
 "SCHEDULE MOTOR VEHICLES"
1997 Ford Explorer $14,000.00 $14,000.00
 Delorean 15,000.00 15,000.00
 Lincoln 6,000.00 6,000.00
 Porche 930 30,000.00 30,000.00
 Fiat tractor 30,000.00 30,000.00
 ____________ ___________
 130,000.00 130,000.00